STATE OF MISSOURI )
                        ) SS
COUNTY OF JEFFERSON )

IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT
OF MISSOURI AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

LISA CASEY-RUSH, )
                     )
      Plaintiff, )
                     )
                     )
v.                      ) Cause No. 11JE-CC
                     ) Division
BANK OF AMERICA,      )
SERVE:   1301 Jeffco Boulevard )
         Arnold, Missouri 63010 )
                     )
      Defendant. )

11JECC00334

FILED
APR 0 5 2011
HOWARD WAGNER
CIRCUIT CLERK

Cause No. 3

## PETITION FOR DAMAGES

COMES NOW Plaintiff Lisa Casey-Rush, and brings this Petition for Damages against the following Defendant: Bank of America

1.    At the time of the acts complained of, Plaintiff was employed as a full-time bank manager with Defendant Bank of America.

2.    The unlawful employment practices complained of in this Petition were committed within Jefferson County, Missouri.

3.    At all times relevant hereto, Plaintiff was employed by the Defendant as a bank manager in Jefferson County, Missouri.

## PARTIES

4.    Plaintiff Lisa Casey-Rush is a citizen of the State of Missouri, residing in Jefferson County, Missouri. Jurisdiction and venue in this Court are proper pursuant to RSMo. §213.111.

1

5. Defendant Bank of America, employs more than six people within the State of Missouri and therefore is an employer within the meaning of the Missouri Human Rights Act (hereinafter "MHRA"). RSMo. §213.010.

6. At all times relevant herein, Matt Stambaugh was Plaintiff's direct supervisor and acted in the interest of Bank of America in connection with Plaintiff's employment and the conduct complained of herein, and was, therefore, an employer within the meaning of the MHRA.

## FACTUAL ALLEGATIONS

7. Plaintiff has been employed with Bank of America for over twenty-five (25) years.

8. Plaintiff has been periodically promoted over her years of service and was a bank manager for the last ten (10) years.

9. During Plaintiff's employment, she received quarterly and monthly evaluations.

10. Plaintiff never received a negative evaluation; and, in fact, she received a positive evaluation the day prior to her termination.

11. At the time of the discriminatory behavior, Plaintiff had recently learned she was pregnant with her second child; and, therefore, was a member of a protected class under §213.010.

12. Plaintiff became pregnant for the first time in 2007 and delivered her first child on or about June 3, 2008.

13. Since Plaintiff was employed with Bank of America for twenty-five (25) years, she was eligible for early retirement, despite being only forty-four (44) years of age.

2

14.    Plaintiff never indicated that she wanted or intended to exercise her right to early retirement, but when she returned to work after her maternity leave, she learned that her subordinates and customers had been informed that she would not be returning.

15.    Plaintiff learned she was pregnant for a second time in August 2009; and, upon learning of the pregnancy, informed her supervisor, Matt Stambaugh, of this fact.

16.    Upon receiving the knowledge that Plaintiff was pregnant, Mr. Stambaugh commented that he hated the new twelve (12) week maternity leave policy.

17.    In October 2009, Plaintiff was accused of violating a passcode policy.

18.    Plaintiff denies violating any passcode policy, and maintains that her actions were within the guidelines of company standards, and that she had acted similarly on numerous other occasions.

19.    Plaintiff was never disciplined formally or informally for any passcode usage violations, however she was terminated on October 23, 2009.

20.    On January 29, 2010, Plaintiff filed charges of discrimination describing the discriminatory conduct, with the Missouri Commission on Human Rights (hereafter "MCHR") and the Equal Employment Opportunity Commission (hereafter "EEOC"). A copy of those charges are attached hereto, marked Exhibit 1 and incorporated herein by this reference.

21.    On January 6, 2011, the MCHR issued a Right to Sue letter regarding the conduct set out in Exhibit 1. A copy of the Right to Sue letter is attached hereto, marked Exhibit 2 and incorporated herein by this reference.

3

UNLAWFUL DISCHARGE IN VIOLATION OF MCHR BASED ON SEX DISCRIMINATION

22.    A contributing factor in the decision of Bank of America to discharge Plaintiff is the fact that Plaintiff was pregnant.

23.    Plaintiff is a member of a protected class because she is woman who was pregnant at the time of discharge.

24.    At the time of discharge, Plaintiff was qualified, ready, willing, and able to perform her job.

25.    As a result of Plaintiff's pregnancy, she was terminated.

26.    Pregnancy is a gender related trait unique to women, which entitles women to maternity leave after giving birth to a child.

27.    Bank of America extended their maternity leave time to twelve weeks prior to Plaintiff giving birth the second time.

28.    Bank of America did not want to accommodate Plaintiff during her maternity leave, and therefore fired her.

29.    As a direct and proximate result of the unlawful employment practices described herein, Plaintiff has suffered a lack of income, employment benefits, health insurance, retirement options and benefits, the opportunity to find employment and the cost of medical treatment.

30.    Further, as a proximate result of Defendant's unlawful termination of Plaintiff, she has suffered emotional distress entitling her to an award of compensatory damages in the amount shown at trial.

4

31.     Finally, as a direct and proximate result of the unlawful termination, Plaintiff has been compelled to seek legal services to redress the discriminatory behavior of Defendant, and therefore requests an award of attorney's fees.

32.     Defendant's discriminatory conduct in terminating Plaintiff's employment shows a conscious disregard for the rights of Plaintiff, the individual who terminated Plaintiff was acting within the scope of employment in terminating Plaintiff, and as a result of her unlawful termination, Plaintiff is entitled to actual and punitive damages.

WHEREFORE, Plaintiff Lisa Casey-Rush requests that this Court exercise jurisdiction over her claim and award:

A.     Compensation for all damages;

B.     Attorney fees and cost;

C.     Punitive damages in an amount appropriate to punish the Defendant and others from like conduct; and

D.     Such other and further relief as the law and equity allow.

| | |
|---|---|
| Robert K. Sweeney | #38322 |
| Allison Sweeney | #62000 |

Attorneys for Plaintiff
P.O. Box 20
Hillsboro, MO 63050
rks@robertsweeneylaw.com
as@robertsweeneylaw.com
636-797-5600 - voice
636-797-4900 - fax

April 5, 2011
C:\Documents\EmpliCasey\Petition.wpd
lf

5